RECEIVED MAY 02 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| UNITED STATES OF AMERICA | Case No. 18-CR-1023 |
|---|---|
| Plaintiff | |
| vs. | |
| MICHAEL STEVENSON, | MOTION FOR A NEW TRIAL |
| Defendant | |

Due to Negligence and Prejudice acts the defendant was subjected to, A bias Jury resulted against the defendant at trial. And in support of this Motion, states as follow:

1) A Juror Question was given to the courts for constructive Intent of an undefined technical term to make clear of Jury Instructions. But then was instructed by the courts to reread instructions and deliberate, which subjected Jurors to Deliberate *ignorance*.

2) During Recess the Judge made the court conscious of Heidi Woodyard "Rip Sweater" of the victim that could possibly bias the Jury general verdict against the defendant in trial. Subsequently counsel of both parties resolved the issue with the Judge Instructing her to take off her sweater. But shortly after she had the "Rip sweater" back on for closing Arguements and through the Remainder of trial. Which subjected me to a prejudice trial.

3) Prosecutor Misstates the Law when told the Jury that running a business constitutes a Conspiracy. And also that a buyer-seller Relationship constitutes a Conspiracy.

4) Prosecutorial Misconduct when Hypothetical Questions was given on Examination of witnesses that was substituted For Relevant Evidence in Fact findings that Bias Juror Judgement; which resulted in a unfair trial for the defendant.

5) During the process of striking jurors, Defense Counsel wouldn't let me strike Juror After I stated that I Did'nt want Juror as Jurist multiple times. But then Replyed with that he thought she was a Good witness because "she did good with my Marriage Analogy, which subjectmed me to a bias Jury.

6) The Juror my Defense Counsel chose in opposition of my decision was viewed various times throughout the trial giving Anuser cues and making Prejudicial gestures that bias the rest of the Jury and made trial unfair Against defendant.

7) During the preparation of trial I Requested that defense counsel Enter in Victim Phone tolls into the exhibits of evidence because it was relevant evidence that would have made the Existence of fact to Determine the Action more Propable. The Defense Counsel refuted my position and stated that he was not going to introduce exhibits into evidence because the government would have argue that they were Irrelevant.

8) I Also Ask defense counsel to admit into exhibits of evidence hearsay from Victim Girlfriend, But was told by Defense Counsel that that would not be Admissable despite what I thought was admissable.

9) Prosecutor Kynda Lundquist stated to the Court that she went to school with criminalist who work for DCI LAB center, which Resulted with government Participation in conflict.

10) Body cams of interviews with witnesses was Never disclose to the defendant, After defendant requested for videos of Interviews

11) I Requested from defense counsel that phone records of witness be subpoena pertaing to substantial relevant evidence in fact findings, but was only met with resistance Due to counsel inability to find who witness phone provider was, that it would be very unlikely that any cell phone company would still have those phone records available, and that he was busy Preparing for my trial to be looking for possible evidence. which left me unfit for trial.

12) Requested Information by the defendant of witness criminal history was never disclosed to the defendant.

13) I Ask my defense counsel to call witnesses which he intended initially to do, stipulated Through the final pretrial conference. But days before the trial he informed me that we wouldn't be calling any witnesses because it highlighted a block of time that would prejudice the defendant at trial. Due to negligence of defense counsel to subpoena witnesses to allow defense to foreseeably find substantial relevant evidence offered through testimony. which left defendant unfit for trial.

14) Lack of evidence to support charges.

15) Defendant was subjected to a discriminatory jury pool that left defendant with only one African American Juror to choose from.

16) I stated at my final Pretrial Conference that I was unable to make a knowledgable and Voluntary Plea because I lack the discovery to decide if I wanted to plead guilty or not. Subsequently a motion for withdrawl of counsel was entered because of Attorney-client detorication, which later there was an hearing to settle the matter at hand. Mr. Goldenjoph stated that I walked out without confirmation if I was testifying on my behalf or not. Then the matter was resolved with a diagnosis of miscommunication of Relationship between Attorney-client. But there was still no disclosure of discovery by Mr. Goldenjoph other than

