# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DUBUQUE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CR18-1023 CJW |
| vs, ) | |
| ) | BRIEF IN SUPPORT OF |
| MICHAEL STEVENSON, ) | SENTENCING |
| ) | MEMORANDUM |
| Defendant. ) | |

Comes Now, defendant Michael Stevenson, by and through counsel, and submits this Brief in Support of Sentencing Memorandum.

## **TABLE OF CONTENTS**

PAGE
I.   INTRODUCTION ................................................................................2
II.  ISSUES................................................................................................3
III. ARGUMENTS....................................................................................4

(1)   Drug Quantity and the corresponding base offense level, USSG §2D1.1(c)………………………………………………………. 4

(2)   Two-level enhancement for obstruction of justice pursuant to USSG §3C1.1. ……………………………………………………… 11

(3)   Three-level adjustment for Aggravated Role, USSG §3B1.1(b)……………………………………………………. 12

(4) Two-level reduction for Acceptance of Responsibility, USSG §3E1.1. ………………………………………………………….. 15

(5) Upward departure pursuant to USSG §5K2.0(a)(2)(A), 5K2.0(a)(2)(B) and/or 5K2.1………………………………….. 16

(6) Defendant's request for credit for time served in a dismissed case for conduct related to the instant offense…………………… 17

(7) Defendant's motion for downward variance………………. 18

(8) Whether Adam Birch and Emily Nelson qualify as victims of the instant offense and the related imposition of restitution……… 18

IV. CONCLUSION..............................................................................18

## I. INTRODUCTION

As an initial matter, Michael Stevenson accepts responsibility for his involvement in the instant offense, as evidenced by his testimony at trial that he distributed controlled substances. In making these arguments at sentencing, the Defendant is not attempting to minimize his involvement. Instead, the Defendant merely wishes to be sentenced on the basis of accurate information and to provide relevant information for the Court to use in fashioning a sentence no greater than necessary to effectuate the goals of sentencing under 18 U.S.C. §3553(a)(2).

Mr. Stevenson recognizes that his offense is serious and requires the

appropriate attention of this Court. The Defendant acknowledges that his conduct was illegal. However, the Defendant does make some factual and legal objections to the conclusions and penalties recommended in the PSR. The Defendant provides this brief in support of those objections and asks that the Court sentence him based upon accurate and reliable information and that his sentence be no greater than necessary to achieve the goals of sentencing under §3553(a).

**II.    ISSUES:**

    (1)    Drug Quantity and the corresponding base offense level, USSG §2D1.1(c).

    (2)    Two-level enhancement for obstruction of justice pursuant to USSG §3C1.1.

    (3)    Three-level adjustment for Aggravated Role, USSG §3B1.1(b).

    (4)    Two-level reduction for Acceptance of Responsibility, USSG §3E1.1.

    (5)    Upward departure pursuant to USSG §5K2.0(a)(2)(A), 5K2.0(a)(2)(B) and/or 5K2.1.

    (6)    Defendant's request for credit for time served in a dismissed case for conduct related to the instant offense.

    (7)    Defendant's motion for downward variance.

3

(8) Whether Adam Birch and Emily Nelson qualify as victims of the instant offense and the related imposition of restitution.

## III. ARGUMENTS

**(1) Drug quantity and the corresponding base offense level. USSG §2D1.1(c).**

Mr. Stevenson objects to paragraphs 13, 15, 16 and 18 of the PSR and the base offense level of 26 attributed to him for involvement with 428 grams of heroin and 10 grams of cocaine base. Specifically, Mr. Stevenson objects to any quantities attributed to him based on amounts from Ricky Carter and William Bower as he denies any drug dealings with those two individuals. Further, he never sold heroin to Emily Nelson on 50 occasions, and never sold to Adam Birch on 10 occasions.

The drug amounts utilized in the PSR represent harsh and unsupported estimations of the amounts of drugs for which the Defendant was involved. Further, the drug amounts are based upon information from non-credible sources. Mr. Stevenson does not deny and continues to admit responsibility for his offense, as evidenced by the unobjected to portions of the PSI quantities, but submits that his sentence should be fair and proper in relation to the offenses actually committed.

Mr. Stevenson submits that he is entitled to be sentenced on the basis of accurate and reliable information and that he is entitled to resolution of all disputed matters. The United States Supreme Court has made clear that there is a due process right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443 (1972). In fact, the sole interest of the defendant in sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information. *See U.S. v. Kozohorsky*, 708 F.3d 1028 (8th Cir. 2013). Part of this fair sentencing procedure has been codified under Rule 32(i)(3) which provides that at sentencing the court:

> (B) must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute, or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter at sentencing; and (C) must append a copy of the court's determinations under this rule to any copy of the presentence report made available to the Bureau of Prisons.

Once specific objections to the PSR are made, findings are required, and failure to do so will result in a remand for re-sentencing. *U.S. v. Parrott*, 148 F.3d 629 (6th Cir. 1998). The court's obligation to make findings of fact does not simply reach issues which would have an effect on the Sentencing Guidelines; rather, the report has importance beyond sentencing, therefore, resolution of all issues is imperative. *U.S. v. Galloway*, 976 F.2d 414 (8th Cir. 1992).

5

Of course, the government bears the burden of proving any aggravating factor at sentencing. *U.S. v. Ochoa*, 643 F.3d 1153 (8th Cir. 2011). The Defendant asks that the court require the government to meet its burden with regard to each factual dispute. If the government cannot provide reliable proof as to these allegations, then they should be disregarded by the court. *U.S. v. Bustos-Flores*, 362 F.3d 1030 (8th Cir. 2004).

The United States Supreme Court has made clear that due process accords a defendant the right to be sentenced on the basis of accurate information. *U.S. v. Tucker*, 404 U.S. 443 (1972). Importantly, a defendant has a right to be sentenced based on information with "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. §6A1.3(a) (1999). *U.S. v. Exson*, 328 F.3d 456 (8th Cir. 2003). Courts have held that as long as "nebulous eyeballing" is avoided, relying on estimates of drug amounts and types are an appropriate way for the district court to determine the quantity of drugs involved in an offense. *U.S. v. Duarte*, 950 F.2d 1255, 1265 (7th Cir. 1991); see also, *U.S. v. Atkins*, 250 F.3d 1203, 1212 (8th Cir. 2001).

However, estimates used to determine the amount of drugs attributed to a defendant for sentencing should be made conservatively. *U.S. v. Maliszewski*, 161 F.3d 992, 1027 (6th Cir. 1998)(holding that the defendant's sentence should be

6

Case 2:18-cr-01023-CJW-MAR   Document 111-1   Filed 09/30/19   Page 6 of 19

vacated because the district court's determination of the amount of drugs attributable to Amador was based on speculation and unreliable evidence); *U.S. v. LaMarr*, 75 F.3d 964, 973 (4th Cir. 1996); *U.S. v. McEntire*, 153 F.3d 414 (7th Cir. 1998); *U.S. v. Acevedo*, 28 F.3d 686, 690 (7th Cir. 1994)(holding that when estimating the amount of drugs, the Court must err on the side of caution.); *U.S. v. Baro*, 15 F.3d 563, 568 (6th Cir. 1994)(holding that "[w]here the amount is uncertain, the district court is encouraged to 'err on the side of caution' and only hold the defendant responsible for that quantity of drugs for which 'the defendant is more likely than not actually responsible.'").

Where "there is no drug seizure . . . the court shall approximate the quantity of the controlled substance." U.S.S.G. §2D1.1. Although a court can estimate the amount of drugs involved in an offense, the court cannot simply accept a random number. *U.S. v. Atkins*, 250 F.3d 1203 (8th Cir. 2001). When determining the quantity of drugs attributable to a particular defendant under the Guidelines, a district court must make proper findings of fact. *U.S. v. Maggard*, 156 F.3d 843 (8th Cir. 1998).

The work of an alleged accomplice is not necessarily reliable because he admits his own criminal culpability. The court must keep this in mind that "[t]he fact that a person is making a broadly self-inculpatory confession does not make

more credible the confession's non-self inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." *Williamson v. U.S.*, 512 U.S. 594, 599-600 (1994). Accordingly, the statement of an alleged co-participant is "presumptively unreliable as to the passages detailing the defendants' conduct or culpability." *Lee v. Illinois*, 476 U.S. 530, 545 (1986).

Herein, in the instant case, the drug amounts attributed to the Mr. Stevenson were based largely upon information from inherently untrustworthy cooperating witnesses, all of whom had engaged in illegal and felonious activity, as well as upon unsupported estimations. The Defendant has been held liable for drug amounts that are not based upon reliable evidence. The 428 grams of heroin and 10 grams of cocaine base attributed to the Defendant in paragraph 31 of the PSR is not based upon any seizure or police investigation, but upon the unchallenged statements of Emily Nelson, William Bower, and others who are felons, thieves and liars. Further, their statements were not given while under oath, and without specific dates or quantities.

In ¶13, this information by Emily Nelson was not given under oath or subject to perjury penalties if false. Further, she provides no timeframe for her purchases, and testified that she did not deal with Mr. Stevenson for two months

8

following the death of Birch. At most he should be attributed with 20 purchases for a total of 10 grams.

At ¶ 10, Mr. Stevenson has never dealt with William Bowers, and should not be attributed any amounts for this paragraph. These statements were not given under oath, nor would they have been possible during this time as both Mr. Bowers and Mr. Stevenson were incarcerated at various times during this period.

Finally, the Defendant denies distributing 5 grams of heroin to Mr. Birch. (¶ 18). He did not deal with Birch on 10 occasions, as every text message exchange did not result in a distribution. He should be attributed no more than 2.5 grams for his dealings with Birch.

Clearly, the above "witnesses" can hardly be deemed credible, especially when they have not undergone the crucible of cross-examination, provided information to protect themselves, and are criminals and drug users.

The evidence linking the Defendant to the drugs at issue is simply insufficient. As such, the Defendant submits that the unsupported drug amounts should not be used to calculate his base offense level. He should be held responsible for 45 grams of heroin and 10 grams of cocaine base, resulting in a converted drug weight of 78.71 kg, and a base offense level of 20.

9

It should also be noted that, in *U.S. v. Hill,* 2014 WL 4920365 (1st Cir. 2014), Judge Torruella wrote a concurring opinion to note a disturbing trend in criminal prosecutions. "All too often, prosecutors charge individuals with relatively minor crimes, carrying correspondingly short sentences, but then use section 1B1.3(a) to argue for significantly enhanced terms of imprisonment under the guise of "relevant conduct" other crimes that have not been charged (or, if charged, have led to an acquittal) and have not been proven beyond a reasonable doubt. In other words, [the defendant] was subject to an additional six to eight years in prison due to isolated drug sales not directly related to the twenty oxycodone pills which led to his conviction, all of which he was never arrested for, never charged with, never pled guilty to, and never convicted of by a jury beyond a reasonable doubt. This is a prime example of the tail wagging the dog." "The practice of arguing for higher sentences based on uncharged and untried 'relevant conduct' for, at best, tangentially related narcotics transactions seems like an end-run around these basic constitutional guarantees afforded to all criminal defendants. The government's role is to ensure justice, both to the accused and to the public at large; it is not to maximize conviction rates and argue for the greatest possible sentence. And, while it is unclear to me whether this trend is due to shaky police work resulting in cases that cannot be proven beyond a reasonable doubt,

10

prosecutorial laziness, or other less nefarious factors, it remains troubling regardless." That is the situation that Mr. Stevenson finds himself in here, when he has pleaded and acknowledged his involvement in distributing controlled substances, yet is being held responsible for an enormous amount of drugs when the evidence has not been subject to cross-examination.

**(2) Two-level enhancement for obstruction of justice with a Role adjustment pursuant to USSG §2D1.1(b)(16)(D).**

The Defendant objects to the paragraphs 20 and 25 of the PSR and the imposition of an enhancement based upon the Defendant's alleged threats to John Walgren. As Mr. Stevenson noted in his objections, he never threatened Walgren and noted that Walgren taunted him on numerous occasions while at the Linn County Jail. At no point has the PSR put forth any supported or reliable facts in support of allegations that the Defendant threatened Walgren. While the Defendant admits and accepts that he engaged in illegal activity, the Defendant submits that he is still entitled to an accurate and fair sentence.

Mr. Stevenson believes that Walgren makes this claim in his attempts to gain favorable treatment by providing uncorroborated information about others, without being subject to perjury charges or providing specific dates and times. He would note that he had previous contact with cooperator Eric Steve while at "Chapel" and

11

immediately informed his counsel and jail staff to ensure continued separations to avoid any conflicts.

### (3) Aggravated Role Enhancement, USSG §3B1.1(b).

When determining the appropriate sentence level, the court, in its discretion, can enhance a defendant's offense level, if the court determines that the defendant played an aggravating role in the offense relative to the other participants. Section 3B1.1 of the Sentencing Guidelines provides:

> (a) If defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

U.S.S.G. §3B1.1.

Effective November 1, 1993, the Commentary to §3B1.1 captioned "Application Notes" was amended by adding a new Commentary Note 2, which provides:

> To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.

U.S.S.G. §3B1.1, comment. (n. 2). The "Historical Notes" of the 1993 Amendment declares that the amendment was inserted to clarify the operation of the section to

require a finding a degree of control over other persons before §3B1.1 can apply. See *U.S. v. Amato*, 46 F.3d 1255, 1263 (2nd Cir. 1995). (In enhancing a defendant's sentence based on his role in the offense, a district court must make specific factual findings as to that role); *U.S. v. Range*, 13 F.3d 949, 960 (6th Cir. 1994) (when determining whether a defendant's base offense level should be enhanced due to his alleged leadership role in the offense, it is essential that the court make findings regarding the factors mentioned in the guidelines and state its reasons for its determination).

The Eighth Circuit has recognized the factors that must be considered when determining whether a defendant was an organizer or leader. *U.S. v. Ortiz-Martinez*, 1 F.3d 662, 677 (8th Cir. 1993). The factors include the exercise of decision-making authority, the nature of the offense and the defendant's participation in the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority exercised over others. *Id.* In addition, the Eighth Circuit has held that an individual can play a leadership role without directly controlling his or her co-conspirators. See *U.S. v. Grady*, 972 F.2d 889 (8th Cir. 1992).

When defendants play equal roles as the others involved they should not receive an enhancement under §3B1.1. *U.S. v. Mustread*, 42 F.3d 1097, 1103 (7th Cir. 1994). There, the district court found that the defendant "was at the top of the

13

Case 2:18-cr-01023-CJW-MAR   Document 111-1   Filed 09/30/19   Page 13 of 19

drug distribution network and exercised total decision making authority over his marijuana purchases." *Id.* The Circuit Court concluded that the findings of the district court were inadequate to support a §3B1.1 increase. *Id.* at 1103-04. The Court further held that the record did not support a finding that the defendant had an aggravated role relative to the other participants necessary to support the increase. *Id.* at 1104. The defendant's sentence was vacated and the case remanded for re-sentencing without the aggravated role enhancement. *Id.* at 1105.

Some level of control *is absolutely necessary* to support an enhancement under §3B1.1. *U.S. v. Toro-Aguilera*, 138 F.3d 340 (8th Cir. 1998); *U.S. v. Vandeberg*, 201 F.3d 805 (6th Cir. 2000); *U.S. v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995); *U.S. v. Lozano-Hernandez*, 89 F.3d 785, 790 (11th Cir. 1996). Of particular importance in determining relative responsibility is that the defendant has control or direct influence over other participants in the criminal activity. *U.S. v. Padilla-Pena*, 129 F.3d 457, 470 (8th Cir. 1997). The Eighth Circuit determined that §3B1.1 contemplates that the recipient has exercised direct influence over another participant, influence rising to the level of an organizer, leader, manager, or supervisor. *U.S. v. Mesner*, 377 F.3d 849, 851 (8th Cir. 2004). "To be sure, one's status as a distributor of narcotics would not, standing alone, transform one into a manager or supervisor." *U.S. v. Plancarte-Vazquez*, 450 F.3d 848, 853-54 (8th Cir. 2006); see also *U.S. v. Willis*, 433 F.3d 634, 636 (8th Cir. 2006) ("In a drug

14

conspiracy case, 'a defendant must do more than sell for resale' to be found an organizer or leader."). In *U.S. v. Bryson,* 110 F.3d 575 (8th Cir. 1997), the court held that although the defendant "fronted" drugs to the witnesses, he only had a buyer/seller relationship with them; he was not the leader.

The Defendant was assessed a three level enhancement under subsection (a) above in the pre-sentence investigation report. The Defendant submits that such an enhancement is unwarranted because the pre-sentence investigation report has not provided any reliable evidence to prove that the Defendant controlled or directed other participants in the offense. Without the requisite showing of control, the §3B1.1 enhancement should not apply herein. Mr. Stevenson never had people "working for him." He denies ever having another person deliver any drugs for him, either before or after the death of Birch.

The Defendant was only a seller of controlled substances, not a leader in the instant offense. The leadership enhancement should not be applied herein.

### (4) Acceptance of Responsibility, USSG §3E1.1.

The Defendant's life has been changed forever as a result of his choices and the repercussions of those choices. As a 29-year-old facing the possibility of an 15+ year term of incarceration, the Defendant finds himself at the absolute bottom and he is dedicated to separating himself entirely from the criminal conduct that led to his involvement in this case. The Defendant is remorseful and contrite and

desires only a chance to one day return to society and live as a productive, law-abiding citizen.

The Defendant has made an attempt to repay society by waiving many substantive rights, admitting his conduct, and admitting guilt to the majority of his involvement in criminal offenses. These actions have assisted the government and the judiciary in facilitating the administration of justice. The Defendant wishes to further repay society through serving this Court's sentence and through achieving total rehabilitation so that he never again becomes involved in illegal conduct in the future.

Mr. Stevenson has acknowledged his illegal conduct in this offense - distributing heroin and cocaine base. He has acknowledged that he was a drug distributor, and had his own supplier and customers. He testified to this at trial. However, he could not and cannot admit to conduct that he knows is false.

For the above reasons, Michael Stevenson is entitled to credit for acceptance of responsibility.

### (5) Upward departure pursuant to USSG §5K2.0(a)(2)(A), 5K2.0(a)(2)(B) and/or 5K2.1.

Mr. Stevenson submits that there are no grounds for an upward departure in this case. He has denied any distribution to Birch on February 1, 2017. It has always been his position that the evidence in this case was not shown beyond a

reasonable doubt that he distributed heroin causing the overdose death of Mr. Birch.

It should be noted that under USSG §5K2.1, it states, "Loss of life does not automatically suggest a sentence at or near the statutory maximum. The sentencing judge must give consideration to matters that normally distinguish among levels of homicide, such as the defendant's state of mind and the degree of planning or preparation." In this case Mr. Birch was a heroin addict who apparently used heroin on a near daily basis. Birch, like other heroin addicts as well as heroin distributors, must make a risky assumption that heroin that is available for distribution is just that - heroin - and not containing other highly dangerous controlled substances such as fentanyl or the like. Heroin users typically seek out their drug through anyone and everyone with access to the drug, and when one source is "dry" will always have another source or multiple sources readily available. Few, if any, distributors of heroin knowingly include a potentially fatal drug laced into their product. It was a tragedy that Mr. Birch overdosed.

**(6) Defendant's request for credit for time served in a dismissed case for conduct related to the instant offense. (¶ 61).**

Mr. Stevenson was arrested for the conduct forming the basis for the instant federal offense on August 23, 2017 due to state charges for delivery of a controlled substance. These charges were dismissed on Nov. 22, 2017, due to the federal

indictment. It is noted that the PSI preparer states that this is not typically an issue that the Court needs to address at the time of sentencing, and it is left to the Bureau of Prisons to calculate credit for time served, under Title 18 U.S.C. § 3585(b). Mr. Stevenson's purpose in raising this issue at this time is to ensure a proper record is made related to the time Defendant has spent in custody for this conduct.

**(7)     Defendant's motion for downward variance.**

Mr. Stevenson will be requesting a downward variance, and will file a separate motion and brief in support of the motion.

**(8)     Whether Adam Birch and Emily Nelson qualify as victims of the instant offense and the related imposition of restitution. (¶21).**

Mr. Stevenson denies that either Adam Birch or Emily Nelson are victims in this case. He has denied distributing to Mr. Birch on Feb. 1, 2017, and also denied distributing heroin to Ms. Nelson when she overdosed on Feb. 11, 2017. He would note that she has testified at trial, under oath, that she did not receive drugs from the Defendant on Feb. 11, 2017, and that she stated that she did not deal with Defendant for more than two months after Mr. Birch overdosed on Feb. 2, 2017.

As a result, Defendant requests that no restitution be ordered in this case.

**IV.     Conclusion**

Based on the foregoing, it is respectfully submitted that Mr. Michael Stevenson should be sentenced based upon a sentencing range of adjusted offense

level 18, criminal history category III, for an advisory range of 33 - 41 months, under all of the factors that the Court must consider under Title 18 USC §3553(a).

>
> Respectfully Submitted,
>
> */s/ Michael K. Lahammer*
> Michael K. Lahammer
> 425 2nd Street SE, Suite 1010
> Cedar Rapids, IA 52401
> 319-364-1140
> Attorney for the Defendant
> Email: mike@lahammerlaw.com